## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| In re: | Chapter 11 |
|---|---|
| GRUPO HIMA SAN PABLO, INC., | Case No. 23-02510 (ESL) |
| Debtor.  (EIN #8245) | (Jointly Administered) |
| In re: | Chapter 11 |
| CENTRO MEDICO EL TURABO, INC., | Case No. 23-02513 (ESL) |
| Debtor.  (EIN #5905) | |
| In re: | Chapter 11 |
| HIMA SAN PABLO PROPERTIES, INC., | Case No. 23-02515 (ESL) |
| Debtor.  (EIN #2718) | |
| In re: | Chapter 11 |
| PORTAL DE CAGUAS, INC., | Case No. 23-02516 (ESL) |
| Debtor.  (EIN #4874) | |
| In re: | Chapter 11 |
| GENERAL CONTRACTING SERVICES, INC., | Case No. 23-02517 (ESL) |
| Debtor.  (EIN #4903) | |
| In re: | Chapter 11 |
| IA DEVELOPERS, CORP., | Case No. 23-02519 (ESL) |
| Debtor.  (EIN #4128) | |
| In re: | Chapter 11 |
| CMT DEVELOPMENT, LLC, | Case No. 23-02520 (ESL) |
| Debtor.  (EIN #4351) | |
| In re: | Chapter 11 |
| JOCAR ENTERPRISES, INC. | Case No. 23-02521 (ESL) |
| Debtor.  (EIN #5849) | |

DOCS_LA:351090.6 12792/001

| | |
|---|---|
| In re: | Chapter 11 |
| JERUSALEM HOME AMBULANCE, INC. | Case No. 23-02522 (ESL) |
| Debtor.           (EIN #0175) | |
| In re: | Chapter 11 |
| HOST SECURITY SERVICES, INC. | Case No. 23-02523 (ESL) |
| Debtor.           (EIN #8802) | |

**OBJECTION OF CANON MEDICAL SYSTEMS, USA REGARDING SALE HEARING OF BAYAMON, HUMACAO AND CAGUAS ASSETS AND FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM**

Canon Medical Systems USA ("Canon"), by and through its undersigned counsel, hereby files this Objection and reservation of rights to the respective sale hearings of Bayamóon, Humacao and Caguas Assets. In support of this motion, Canon respectfully represents as follows.

**PRELIMINARY STATEMENT**

1. On August 15, 2023, the above-captioned Debtors, including Grupo HIMA San Pablo, Inc. and Centro Médico del Turabo, Inc., and its related entities (collectively "Debtors"), filed their respective bankruptcy petitions under Chapter 11 for the Bankruptcy Code. (See Case 23-02510, Dkt No. 1).

2. On August 28, 2023, the Debtor filed the *Notice Of (1) Potential Assumption And Assignment Of Executory Contracts And Unexpired Leases And (II) Cure Amounts*. [Case 23-02510; Dkt No. 112]

3. On September 29, 2023, the Debtors filed their motion to announce the successful bidder for the Bayamón Assets and Humacao properties (Case 23-02510, Dkt No. 288). The motion references a sale of "all of the applicable real estate and facilities that entail this business unit (collectively the "Bayamón Assets"). (Dkt No. 212, p.4, §7)

4. On October 3, 2023, the Court scheduled a hearing to consider the sales of the Bayamón Assets and the Humacao properties for October 16, 2023, at 10:00 a.m. (Case 23-02510, Dkt No. 300).

5. On October 3, 2023, Debtors' filed their Motion to Inform the Successful Bidder for the Caguas Assets Pursuant to Bidding Procedures Order entered on August 23, 2023. (Case 23-02510, Dkt No. 304) Based on the 341 Meeting held on October 6, 2023, the debtor's are continuing to operate using the medical equipment in the debtor's business operations.

6. This Honorable Court scheduled a hearing to consider the sale of the Caguas Assets for October 19, 2023. (Case 23-02510, Docket No. 301)

7. Canon objects to the Asset Purchase Agreement and the sale of the Bayamón, Caguas and the Humacao assets for the reasons discussed below.

8. Canon and the Debtor are parties to numerous Equipment and License Agreements for medical equipment such as radiography scanners and related equipment as identified in Schedule A (the "Canon Equipment Leases"). Canon and the Debtor utilize a master contract as identified #823205. The Equipment and License Agreements for particular medical equipment leases with the Debtor are designated sequentially thereafter by 1, 2, 3, and 4.

9. The Debtor referenced the Canon Leases in the Debtors' Notice of (I) Potential Assumption And Assignment Of Executory Contracts And Unexpired Leases And (II) Cure Amounts. (Docket No. 112; under case 23-02510) According to Canon' records, certain of the medical equipment was at different Debtor facilities and differentiated by different lease #s. Canon shared this information with the Debtor on or about September 8, 2023, in an effort to work through the issues of identity, location, balances and status of the equipment. Canon has made numerous calls to Debtor's counsel without success.

10. As of October 1, 2023, the Debtor is in breach of the lease obligations having failed to pay the monthly Canon Equipment Leases for September 2023.

11. Various motions to sell assets contemplates a sale of all the Debtor's equipment to operate the hospital facilities at Bayamon, Caguas, and Humacao. It is not clear based on the asset sale motions if Canon Equipment Leases or Canon Equipment is proposed as part of the sale or assignment and the leases are in default. Consequently, Canon files the present Objection.

## DEBTOR'S LEASE DEFAULTS

12. The Canon Leases are in default for September 2023, in the outstanding balance of $37,001.77.

13. The Debtor has not taken any action to return possession of the Canon Equipment to Canon. No motion to reject the Canon Equipment Leases has been filed. No order has been entered. The Debtor retains possession of the equipment as well as the right to use the Canon Equipment and to attempt to realize on the value of the Canon Equipment Leases as an asset of the estate. Accordingly, the Debtor remains obligated to perform the Canon Equipment Lease obligations until it rejects the Canon Equipment Leases in accordance with section 365(d)(4) of the Bankruptcy Code.

## CANON'S OBJECTION

**I. The Debtor Cannot Assume the License Agreement Without Curing or Providing Adequate Assurance of Prompt Cure of All Defaults**

13. The Debtor cannot assume the Equipment and License Agreements without complying with section 365(b)(1) of the Bankruptcy Code, which provides as follows:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default;

    (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any pecuniary loss to such party resulting from such default; and

    (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b); *see also Vilas and Sommer Inc. v. Mahony (In re Steelship Corp.)*, 576 F.2d 128, 132 (8th Cir. 1978) ("It is well settled that the trustee cannot accept the benefits of an executory contract without assuming its burdens as well. . . . Thus, assumption of a contract by the trustee constitutes an 'assumption by the estate of the bankrupt's liabilities . . . by performance in full, just as if bankruptcy had not intervened.") (citations omitted). To meet the requirements of section 365(b)(1)(A), the Debtor must cure any defaults at the time of assumption. *See Alvarado v Walsh (In re LCO Enters.)* 12 F.3d. 938 (9th Cir. 1993) To the extent the Sale Motion incorporates a deadline past the 1st of the month, the Debtor would need to be current on amounts outstanding. *See, e.g., In re Network Access Solutions Corp.*, 330 B.R. 67, 76 (Bankr. D. Del. 2005)( A cure under section 365(d)(4) of the Bankruptcy Code requires that all unpaid amounts due under the agreement to be assumed be paid).

*[Remainder of page intentionally left blank]*

## CONCLUSION

In light of the foregoing, Canon respectfully requests that this Court enter an order (i) denying the Sale Motion insofar as it seeks authority to assume and assign the Canon Equipment & License Agreements without curing the defaults, (ii) allow an administrative claim in the amount of $37,001.77, and/or (iii) direct the Debtor to make the Canon equipment available for return to Canon, or granting such other and further relief as is just and appropriate.

Dated: October 13, 2023

/s/ José A. Moreda del Valle
USDC-PR 229401
José A. Moreda del Valle Law Office
4002 Aurora St.
Ponce PR 00717-1513
Telephone: 787-842-1609
Tel./Fax: 787-842-1604
jmoreda@jmdvlaw.com

and

/s/ Jeffrey P. Nolan (CA Bar No. 158923)
Pachulski, Stang, Ziehl, & Jones, LLP.
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
E-mail: jnolan@pszjlaw.com
Telephone: (310) 277-6910
Facsimile: (310) 701-0670

*Attorney for Canon Medical Systems, USA*

# Schedule "A"

Canon Medical Systems USA

| Contract # | Date | Description | Oustanding Balance | Location |
|---|---|---|---|---|
| 823205-02 | 2/1/2021 | CT Aquilon Prime SP | $ 365,466.90 | Bayamon |
| 823205-04 | 5/1/2019 | Alphenix Corevascular Sys. | $ 593,318.00 | Bayamon |
| 823205-01 | 12/1/2020 | DR Table Sol./CXD1-702 | $ 111,496.00 | Bayamon |
| 823205-01 | 2/1/2021 | DR Table Sol./CXD1-702 | $ 111,496.00 | Caguas |
| 823205-03 | 2/1/2021 | CT Aquilon Prime SP | $ 363,300.00 | Humacao |